IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JAVIER ROBLES-PANTOJA,**

                **Plaintiff,**

       **v.**                                 **CASE NO. 13-3025-SAC**

**DAVID CAMPBELL, et al.,**

                **Defendants.**


## O R D E R

This matter is a *Bivens*-type civil rights action filed by a prisoner in federal custody. Plaintiff proceeds pro se and moves to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The court has examined the financial records submitted by the

plaintiff and finds the average monthly deposit is $29.00, and the average daily balance is $24.55. The court therefore assesses an initial partial filing fee of $5.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. Id. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009).

It appears plaintiff has been in custody at all relevant times. The complaint states that in May 2010, he went to the prison medical department seeking attention for stomach pain and rectal bleeding.

While he received treatment, he was not referred to an outside hospital for approximately 18 months, during which time a mass grew, eventually requiring the removal of his colon in December 2011. Plaintiff claims that earlier treatment would have prevented these complications.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). A delay in medical care violates the Eighth Amendment when the delay results in significant harm. *Oxedine v. R.G. Kaplan, M.D.*, 421 F.3d 1272, 1276 (10th Cir. 2001). "Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The court finds plaintiff's allegations are sufficient to require a responsive pleading.

Personal participation by a defendant is an essential allegation in a *Bivens* action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976). Because it is unclear what personal participation plaintiff alleges by defendants Vasa and Conner, private physicians at hospitals outside the prison, plaintiff must clarify how their acts or omissions violated his protected rights.

*Motion for appointment of counsel*

Plaintiff seeks the appointment of counsel. A party in a civil action does not have a constitutional right to the assistance of counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). However, the court, in its discretion, may request an attorney to represent a civil litigant who proceeds in forma pauperis. *See* 28 U.S.C. §

1915(e)(1). The court must "consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)(discussing 28 U.S.C. § 1915(d), later redesignated §1915(e)(1)).

The court has examined the complaint and declines to appoint counsel at the present stage of this matter. The court will reconsider whether counsel is warranted upon its own motion after additional development of the record.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before June 7, 2013, plaintiff shall submit an initial partial filing fee of $5.50 to the clerk of the court.[1] Any objection to this order must be filed on or before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED on or before June 7, 2013, plaintiff shall provide factual allegations explaining the personal participation of defendants Vasa and Conner. The failure to provide that factual support may result in the dismissal of those defendants from this action.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 3) is denied.

---

[1] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 7th day of May, 2013, at Topeka, Kansas.


                            S/ Sam A. Crow
                            SAM A. CROW
                            U.S. Senior District Judge